IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SOCIETY INSURANCE,

                                                                        ORDER

                          Plaintiff,

                                                                 17-cv-95-bbc

      and

SCOTT FRIEDL,

                       Involuntary Plaintiff,

      v.

BESSEMER PLYWOOD COMPANY and
HARLEYSVILLE LAKE STATES INSURANCE COMPANY,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants Bessemer Plywood Company and Harleysville States Insurance Company have responded to the court's order to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. Because the materials defendants submitted do not show diversity of citizenship between plaintiffs and defendants, I am remanding the case to state court.

      Defendants removed this negligence suit from the Circuit Court for Lincoln County, Wisconsin pursuant to 28 U.S.C. §§ 1441 and 1446. As a basis for subject matter jurisdiction, defendants are relying on 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship between the plaintiffs

1

and defendants.

In an order dated February 21, 2017, dkt. #2, the court concluded that defendants' allegations in their notice of removal did not adequately allege diversity of citizenship. The problem was that defendants did not provide complete information about the citizenship of either Society Insurance or Harleysville Lake States Insurance Company. As to Society, defendants alleged that its principal place of business is in Wisconsin and that it "is registered with the Wisconsin Office of the Commissioner of Insurance with a registered state of domicile of Wisconsin." Dkt. #1, at ¶ 3. As to Harleysville, defendants alleged that its principal place of business is in Pennsylvania.

The problem was that defendants failed to state whether Society and Harleysville are incorporated. If they are, their citizenship is determined by both their principal place of business and their state of incorporation. If they are not incorporated, then their citizenship is determined by the citizenship of their members. Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006). Before remanding the case to state court for lack of jurisdiction, the court gave defendants an opportunity "to provide admissible evidence showing that plaintiffs and defendants have diverse citizenship." Dkt. #2 at 3.

In their response, defendants state that plaintiff Society Insurance is "a registered mutual company in the state of Missouri" and they interpret that to mean that Society is unincorporated. Citing an insurance treatise, defendants say that Society's members are its policyholders and defendants believe that Society may have policy holders in Missouri, Wisconsin, Illinois, Indiana and Iowa.

Defendants do not explain why they believe that all mutual companies are unincorporated. In this circuit, the question whether a mutual insurance company is considered a corporation is determined by state law, <u>Mutual Service Casualty Ins. Co. v. Country Life Ins. Co.</u>, 859 F.2d 548 (7th Cir. 1988), but defendants do not cite any Missouri case law or statutes on the issue. I uncovered one statute suggesting that mutual insurance companies are in fact corporations in Missouri. Mo. Ann. Stat. § 376.020 ("[S]uch corporations having no capital stock, and in the management and profits of which the policyholders alone participate shall be considered 'mutual companies.'").

If plaintiff Society Insurance is a citizen of Missouri that would not affect jurisdiction unless one of the defendants is a citizen of Missouri as well. Defendants alleged in their notice of removal that Michigan is defendant Bessemer's state of incorporation and the location of its principal place of business, so Bessemer and Society are diverse.

The problem lies with defendant Harleysville. In their response to the court's order, defendants say that Harleysville is incorporated in Michigan, but, as plaintiff Society Insurance points out, dkt. #6, the document they cite to support that allegation does not identify where Harleysville is incorporated or even *whether* it is incorporated. It says only that Harleysville is "domiciled" in Michigan, Dkt. #5-5, which is not the relevant question. Without knowing whether or where Harleysville is incorporated, I cannot determine its citizenship, which means that I cannot exercise jurisdiction over this case.

Even after plaintiff Society Insurance noted the deficiency with defendants' submission, defendants made no attempt to correct the defect, but instead filed a motion to

3

dismiss the case or transfer it to Michigan. Dkt. #7. However, issues of subject matter jurisdiction must be decided first. Defendants had an opportunity to demonstrate diversity of citizenship and they failed to do so. Particularly because defendants should not have had difficulty providing the court evidence of their *own* citizenship, I decline to give defendants another chance. Accordingly, I am remanding the case to state court.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Lincoln County, Wisconsin for lack of subject matter jurisdiction.

Entered this 17th day of March, 2017.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge